UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| ARCHIE LEE LOONEY, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CAUSE NO. 3:18CV18-PPS/MGG |
| | ) | |
| MIAMI CORRECTIONAL | ) | |
| FACILITY, et al. | ) | |
| | ) | |
| Defendants. | ) | |

OPINION AND ORDER

Archie Lee Looney, a prisoner without a lawyer, filed a complaint against Miami Correctional Facility and several of its employees after he suffered an acute urinary tract infection caused by limited access to water and restroom facilities. (ECF 1). "A document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, I must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

When Looney's dorm is on lock-down, he cannot access either restroom facilities or water whenever he wishes. He is instead at the mercy of staff members, and this sometimes results in offenders waiting long periods of time to use the restroom. On

April 3, 2017, while Looney's dorm was on lock-down, Looney developed pain, and he asked Corrections Officer Van-Horn to radio for medical help. Officer Van-Horn told him to fill out a medical request form, but Looney indicated he needed medical help immediately because he was hurting. Corrections Officer Van-Horn did not let the medical staff know of Looney's pain. Instead, he said, "I don't give a fuck." (ECF 1 at 8.) The next morning, Looney's symptoms had worsened: he was vomiting and had both a fever and muscle spasms. He was sent to the infirmary and diagnosed with a urinary tract infection and dehydration. Looney believes his medical condition was the result of his limited access to water and restroom facilities, and he believes he suffered unnecessary pain due to Corrections Officer Van-Horn's unwillingness to notify the medical staff of his condition. Based on these events, he has sued the Miami Correctional Facility, Executive Assistant Grievance Specialist Traci Riggle, Corrections Officer Van-Horn, Lt. Rush, and Major Tucker[1].

Looney sued Corrections Officer Van-Horn for failure to contact the medical staff when Looney told him he was in pain and required medical care. In medical cases, the Eighth Amendment test is expressed in terms of whether the defendant was deliberately indifferent to the plaintiff's serious medical need. *Estelle v. Gamble*, 429 U.S. 97 (1976). A medical need is "serious" if it is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person

---

[1] While the complaint indicates that he is suing six defendants, the body of the complaint names only five defendants.

would easily recognize the necessity for a doctor's attention." *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). "[C]onduct is deliberately indifferent when the official has acted in an intentional or criminally reckless manner, i.e., the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so." *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005) (quotation marks, brackets, and citation omitted). Furthermore, a delay in providing treatment can constitute deliberate indifference when it causes unnecessary pain or suffering. *Arnett v. Webster*, 658 F.3d 742, 752-53 (7th Cir. 2011); *Grieveson v. Anderson*, 538 F.3d 763, 779 (7th Cir. 2008). Here, Looney has alleged facts from which it can be plausibly inferred that Corrections Officer Van-Horn was deliberately indifferent to his serious medical need, and I will allow him to proceed on this claim.

Looney also sued Lt. Rush, who is in charge of custody and security at the Miami Correctional Annex. But Looney does not explain why he believes Lt. Rush is liable to him. Section 1983 "liability depends on each defendant's knowledge and actions, not on the knowledge or actions of persons they supervise." *Burks v. Raemisch*, 555 F.3d 592, 594 (7th Cir. 2009). "[P]ublic employees are responsible for their own misdeeds but not for anyone else's." *Id.* at 596. The doctrine of respondeat superior, which allows an employer to be held liable for subordinates' actions in some types of cases, has no application to § 1983 actions. *Moore v. State of Indiana*, 999 F.2d 1125, 1129 (7th Cir. 1993). Looney does not allege that Lt. Rush was aware of his need for medical care or even

3

that Lt. Rush was aware that he was not being permitted to use the restroom or obtain water at regular intervals. Further, Looney is not alleging that there is a policy of not allowing offenders access to water or restroom facilities. In fact, he indicates that the officers were supposed to unlock the cells every two hours. (ECF 1 at 7.) Thus, Looney has not stated a claim against Lt. Rush, and I will dismiss him from the lawsuit.

Similarly, Looney has sued Major Tucker because he is in charge of custody and it is his responsibility to train his officers. "An allegation of a 'failure to train' is available only in limited circumstances." *Cornfield v. Consolidated High School Dist. No. 230*, 991 F.2d 1316, 1327 (7th Cir. 1993). This is not such a case. A failure to train claim requires that "the policymakers had acquiesced in a pattern of constitutional violations." *Id*. Here, the complaint does it provide any facts about why or how the training of officers was inadequate. Rather, it merely makes the conclusory allegation that it was inadequate. Therefore, Looney has not stated a claim for failure to train, and I will dismiss Major Tucker.

Next, Looney has sued Traci Riggle, a grievance specialist, for refusing to answer his grievances. But a prisoner has no due process rights with respect to the prison grievance procedures, and that a grievance official ignores, mishandles, or denies a prisoner's grievance does not state a claim under § 1983.

> Prison grievance procedures are not mandated by the First Amendment and do not by their very existence create interests protected by the Due Process Clause, and so the alleged mishandling of [a prisoner's] grievances by persons

4

> who otherwise did not cause or participate in the underlying conduct states no claim.

*Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011); *George v. Smith*, 507 F.3d. 605, 609 (7th Cir. 2007) ("Only persons who cause or participate in the [Constitutional] violations are responsible. Ruling against a prisoner on an administrative complaint does not cause or contribute to the violation") (citations omitted). Accordingly, Looney has not stated a claim against Traci Riggle, and I will dismiss her.

Looney also alleges that, as he attempted to seek justice, his legal mail to this court was interrupted. The fundamental right of access to the courts precludes prison officials from destroying legal materials to impede inmates' efforts "to attack their sentences, directly or collaterally, and in order to challenge the conditions of their confinement," *Lewis v. Casey*, 518 U.S. 343, 355 (1996), though to prevail on such a claim, the inmate must eventually establish that he suffered actual injury. *Id*. at 351. Here, Looney does not identify any defendant who is responsible for interfering with his mail. Moreover, he has not identified what he was trying to mail to the court of how he was injured by his mail being interfered with. So, I will dismiss this claim.

Finally, Looney has sued the Miami Correctional Facility. However, it is not a suable entity because it is merely a division of the Indiana Department of Correction. Because Miami Correctional Facility is not a legally separate entity from the agency it serves, it is not subject to suit. See *Whiting v. Marathon Cty. Sheriff's Dep't*, 382 F.3d 700, 704 (7th Cir. 2004).

5

ACCORDINGLY, the court:

(1) GRANTS Archie Lee Looney leave to proceed against Corrections Officer Van-Horn in his individual capacity for compensatory damages for denying necessary medical care to Looney on April 3, 2017, in violation of the Eighth Amendment;

(2) DISMISSES Miami Correctional Facility, Traci Riggle, Lt. Rush, and Major Tucker;

(3) DISMISSES all other claims;

(4) DIRECTS the clerk and the United States Marshals Service to issue and serve process on Corrections Officer Van Horn at the Indiana Department of Correction with a copy of this order and the complaint (ECF 1) as required by 28 U.S.C. § 1915(d); and

(5) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), that Corrections Officer Van Horn respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED this 27th day of April, 2018.

/s/Philip P. Simon  
JUDGE  
UNITED STATES DISTRICT COURT